# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-40346
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
January 11, 2019

Lyle W. Cayce
Clerk

CATHERINE JENKINS,

     Plaintiff - Appellant

v.

UNITED STATES POSTAL SERVICE; UNITED STATES OF AMERICA,

     Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:17-CV-316

Before REAVLEY, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:*

     This case presents two issues on appeal. The first is whether the Appellant's claim for personal injury and property damages, which offers only general assertions of injury, satisfies the "sum certain" requirement of the Federal Tort Claims Acts ("FCTA"). 28 U.S.C § 1346(b)(1). The second is whether equitable tolling applies to this case, where the only reasons offered for delay are attorney neglect or error. Plaintiff-Appellant Jenkins presses the

---

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-40346

same arguments offered below, on which the district court ruled, and presents no new legal arguments or factual allegations.

Following a collision between an employee of the United States Postal Service ("USPS") and Ms. Jenkins and her minor children, a rotation of attorneys sent letters to the USPS indicating that a collision and injury occurred, requesting the production and preservation of evidence, and providing notice of representation. While the letters included a request for a rental vehicle reimbursement, none of the letters specified a monetary sum to cover injuries. The USPS mailed a letter to Ms. Jenkin's attorney noting that the letters were not sufficient to serve as a claim and providing instructions on how to submit a proper claim. The instructions included the admonition that a proper claim must provide a "sum certain" amount for injuries or losses, and that under 28 U.S.C. § 2401(b) an administrative claim must be filed within two years from the time the claim accrues. Rather than submit an administrative claim, the attorneys filed suit under the FTCA one month before the two-year limitations period had run. The district court held an initial pretrial conference in which Appellants' counsel admitted that the letters lacked a sum certain sufficient to make the letters an administrative claim. The district court granted Appellee's motion to dismiss, finding that the court lacked subject matter jurisdiction because Appellants did not present an administrative claim prior to filing suit and that attorney error or neglect would not authorize the application of equitable tolling to the FTCA claims.

On appeal, Appellants press the same arguments offered below and provide no new legal arguments or factual allegations on which the district court did not rule. Finding no reversible error of fact or law, we **AFFIRM** the district court judgment for essentially the same reasons articulated by that court.